**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Linda Haytayan</u>

    **v.**                                    Case No. 04-cv-459-PB

<u>Nashua School District</u>

<u>**MEMORANDUM AND ORDER**</u>

Linda Haytayan, the former head coach of the girls' lacrosse team at Nashua High School, alleges that the Nashua School District discriminated against her by treating her differently than male coaches and failing to renew her contract or rehire her for the 2003 season. The School District moves for summary judgment on the basis that Haytayan cannot establish a prima facie case of sex discrimination and cannot prove that the proffered reason for not renewing her contract was a pretext for discrimination. I deny the School District's motion because there is a genuine dispute over material facts in this case.

## I.   BACKGROUND

The following facts are pertinent to the School District's motion.  Haytayan was employed on a year-to-year basis as the head coach of the Nashua girls' lacrosse team from March 1997 through September 2002.  Jim Davis was the Athletic Director and her immediate supervisor during the Spring 2002 season.  Haytayan received a negative performance evaluation from Davis in July 2002.  After disputing the contents of the evaluation, Haytayan was informed in September 2002 that her contract would not be renewed.  Haytayan then applied for the position when the opening was posted in November 2002.  In February 2003, a male administrator from the school district was hired as the head coach.  Haytayan then filed a Charge of Discrimination with the New Hampshire Human Rights Commission and the Equal Employment Opportunity Commission.

## II.   ANALYSIS

Haytayan presents two claims under Title VII: one of disparate treatment and one based on the School District's failure to consider her application and rehire her as head lacrosse coach.  She also claims that the School District

violated New Hampshire law when it "prevented her from renewing her contract" and "refus[ed] to consider her application for the position of head lacrosse coach . . . and instead hir[ed] a less qualified male coach in her place."[1]

The School District argues that it is entitled to summary judgment on all claims.  Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

A.    **Disparate Treatment**

Haytayan bases her disparate treatment claim on the following alleged facts:

> 1.  She was denied the right to discipline team members who attended a party involving underage drinking in the spring of 2002.  In contrast, the boys' lacrosse coach was permitted to administer appropriate punishment to his team members who were at the same party.

---

[1]  Haytayan's claim of disparate treatment under state law was dismissed by the Hillsborough County Superior Court (South) because it was not timely under N.H. Rev. Stat. Ann. § 354-A:21, III (1995).  See Superior Court Order dated September 3, 2004, at 2.

2.   Haytayan was banned from having closed practices
with her team when other coaches were allowed to do so.

3.   Davis undermined her authority as a coach by
directing her to not have any one-on-one communication
with one of the players on her team, ordering her to
have the same player start as goalie, and meeting with
the team without notifying Haytayan or inviting her to
attend.

4.   Davis required Haytayan to request reimbursement of
sports-related expenses from him instead of applying
directly to the booster club.

5.   Haytayan received a negative performance evaluation
from Davis at the end of the 2002 season without
receiving any prior negative feedback from him.

The School District's motion for summary judgment only
addresses Haytayan's performance evaluation, arguing that "there
is no evidence that she would have been given any different
treatment under the evaluation plan than any male coach."
Although the School District does not address the other alleged
incidents, it nevertheless maintains that Haytayan has not
established a prima facie case of disparate treatment.
Specifically, the School District argues that "there is no basis
to the plaintiff's claim that she was treated differently from
male coaches" and that "she received extra attention from the
athletic director . . . only because of difficulties relating to
her team."

Contrary to the School District's assertions, the alleged facts, taken in the light most favorable to Haytayan, establish a prima facie case of disparate treatment.  See Kosereis v. Rhode Island, 331 F.3d 207, 213 (1st Cir. 2003) (noting the prima facie case requires a "small showing" that is "not onerous" and is "easily made" (quotations omitted)).  Although Haytayan has not presented any direct evidence of sex discrimination and only limited circumstantial evidence, she has sufficiently met her burden under the McDonnell Douglas framework to survive summary judgment on this claim.  See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

**B.   Failure to Renew/Rehire**

The School District first argues that Haytayan failed to exhaust administrative remedies on her failure to rehire claim because it was not included in her Charge of Discrimination.  The School District maintains that the failure to rehire claim is distinct from Haytayan's non-renewal claim, which was included in the Charge, because the contract renewal process is different from the coach hiring process.  However, the School District's proffered reason for not renewing or rehiring Haytayan is that

-5-

she failed to follow the proper procedures with regard to her
performance evaluation.  I conclude, as the Superior Court did,
that the non-renewal and failure to rehire claims are closely
related and arise out of the same set of facts that was
investigated by the Commission.  Thus, Haytayan has fulfilled the
requirement of exhausting her administrative remedies.  See Jorge
v. Rumsfeld, 404 F.3d 556, 565 (1st Cir. 2005); Clockedile v. New
Hampshire Dept. of Corr., 245 F.3d 1, 6 (1st Cir. 2001).

The real issue here is whether the School District's
proffered reason for not renewing Haytayan's contract and not
rehiring her is a pretext for sex discrimination.  The School
District claims that Haytayan failed to comply with its policies
by refusing to meet with Davis to discuss her evaluation.
Haytayan maintains that she agreed to meet with Davis in the
presence of Patrick Corbin, former principal of the high school,
and she was waiting for Corbin to set up the meeting.  Corbin's
sworn testimony is that he spoke with Haytayan about setting up a
meeting with Davis, she said something to the effect of "I'll get
back to you," and he never heard back from her.  Corbin Aff. ¶ 4.
Because there is a genuine factual dispute over whether Haytayan

refused to meet with Davis, I cannot conclude as a matter of law that the School District's proffered reason for not hiring her is not pretext.  There is also a factual dispute as to whether the School District made a bona fide offer to hire Haytayan's female assistant as the new head coach before ultimately offering the position to a man.  Thus, the School District is not entitled to summary judgment on this issue.

### III.   CONCLUSION

The School District's Motion for Summary Judgment (Doc. No. 6) is denied.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

January 3, 2006

cc:  Ellen Purcell, Esq.
     James M. McNamee, Jr., Esq.